**In re RULES OF the CIRCUIT COURT FOR THE TWENTY–FIRST JUDICIAL CIRCUIT.**

**No. 67397.**

Supreme Court of Missouri, En Banc.

Sept. 13, 1988.

---

### ORDER

BILLINGS, Chief Justice.

In response to the continuing inability of the judges of the Twenty–First Judicial Circuit to resolve administrative problems within that circuit independently, *see Gregory v. Corrigan*, 685 S.W.2d 840 (Mo. banc 1985) and *Nolan v. Stussie*, 695 S.W.2d 869 (Mo. banc 1985), and recognizing "the right of the citizens of St. Louis County and the practicing bar of St. Louis County to have an orderly administration of justice", on October 11, 1985, this Court suspended enforcement of the provisions of Mo. Const. art. V, § 15.3, thereby denying associate circuit judges participation in the election of the presiding judge of the Twenty–First Judicial Circuit. *In re Rules of the Circuit Court for the Twenty–First Judicial Circuit*, 702 S.W.2d 457 (Mo. banc 1985).

The immediate cause for this Court's action was the failure of the presiding judge at the time, who had been elected by majority of the circuit and associate circuit judges pursuant to art. V, § 15.3, to call a meeting of the circuit judges for the pur-

pose of adopting court rules. That action was in contravention of Mo. Const. art. V, § 15.1, which provides "The circuit judges of the circuit may make rules for the circuit not inconsistent with the rules of the Supreme Court."

In the face of this impasse, cognizant of our responsibility to exercise superintending control of all courts and tribunals, Mo. Const. art. V, § 4.1, and finding that the right of the people to an orderly administration of justice outweighed the privilege of the associate circuit judges to participate in the selection of a presiding judge, we took the action previously described.

Since our October 11, 1985 ruling, the circuit judges of the Twenty–First Judicial Circuit elected a presiding judge and have adopted and have made significant headway in the implementation of administrative rules within that circuit. While the implementation of those rules has not been entirely trouble free, *see In re Voorhees*, 739 S.W.2d 178 (Mo. banc 1987), we believe that an orderly administration of justice within the Twenty–First Judicial Circuit has been reached.

Under the present circumstances, it is now appropriate for this Court to restore the associate circuit judges of the Twenty–First Circuit to participation in voting for the presiding judge of that circuit consistent with the will of the people expressed in art. V, § 15.3. Our resolve to maintain the orderly administration of justice remains undiminished. In the event that discord similar to that which created the need of our order of October 11, 1985 rears its ugly head again, this Court will not hesitate to take the steps necessary to assure that the right of the people to an orderly administration of justice is not jeopardized.

It is therefore ORDERED, that the current presiding judge of the Twenty–First Judicial Circuit, the Honorable Bernardt C. Drumm, Jr., shall serve out the term to which he was elected, that term expiring December 31, 1988.

It is further ORDERED that in the election to select the successor to the current presiding judge, the associate circuit judges of the Twenty–First Judicial Circuit shall be permitted to vote as provided in Mo. Const. art. V, § 15.3.

Day—to—Day.

HIGGINS, J., not participating.

WELLIVER, Justice, dissenting.

I respectfully dissent for the reasons set forth in In Re *The Rules of the Twenty–First Judicial Circuit*, 702 S.W.2d 457 (Mo. banc 1985). I would not gamble on reversing the prior decision of this Court without a request and response of the parties.